IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC.,<br><br>Defendant. | CV 19–40–M–DLC<br><br><br><br>ORDER |

Before the Court is the Parties' Joint Motion to Compel Discovery.  (Doc. 133.)  The Parties seek to compel the Social Security Administration ("SSA") and the Agency for Toxic Substance and Disease Registry ("ATSDR") to provide testimony for trial in this matter pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure.  (*Id.* at 1*; see also* Docs. 134-2 at 1, 134-3 at 1.)

Defendant CARD has previously sent *Touhy* requests to the SSA and ATSDR.[1]  (Doc. 134 at 2.)  The SSA denied all requests.  (*Id.*)  The ATSDR provided a declaration from employee Theodore Larson (Doc. 121-3) but has failed to respond to subsequent *Touhy* requests.  (Doc. 134 at 2.)  The Parties now

---

[1] A *Touhy* request seeks official information for litigation purposes, including witnesses and documents, when the Government is not a party to the litigation.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

1

request that this Court compel the SSA and ATSDR to provide testimony for trial in this matter on the basis that the "information sought is important to the litigation, there is not a more convenient source to obtain the information, the litigation itself is significant, and the SSA and ATSDR can provide the information without an undue burden." (*Id.* at 2–3.)

Where parties seek to compel non-party federal government employees to appear at trial or at a deposition, the Court must "balance the government's concerns [that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations] under the general rules of discovery." *Exxon Shipping Co. v. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). In making this determination, the Court should consider whether the subpoenas pose an "undue burden," whether a "substantial need" has been demonstrated, and whether the subpoenas seek privileged information. *See id.*; *see also* FED R. CIV. P. 26(b), (c), and 45(c)(3).

The Court finds that there is a substantial need for the requested testimony because it is necessary to resolve genuine issues of material fact in this case, including "[w]hether CARD submitted false or fraudulent information with scienter, what the SSA and ATSDR knew or did not know, and whether any false or fraudulent claims were material." (Doc. 131 at 5–6, 8.) The SSA and ATSDR are the only available sources of this information and thus far have not adequately

responded to requests for information. To mitigate any burden on the agencies, the "parties are willing to go to the designated deponents' locations and obtain trial testimony so that the deponents do not have to make themselves available for trial in person in June or travel beyond the 100-mile distance proscribed by FRCP 45(c)." (Doc. 134 at 4.) The subpoenas have been served on the agencies and delineate the specific information and areas of inquiry that the Parties seek. (*See* Docs. 134-2, 134-3.)

Accordingly, IT IS ORDERED that the motion (Doc. 133) is GRANTED in full.

IT IS FURTHER ORDERED that that the SSA and ATSDR shall each designate deponents to sit for deposition to perpetuate trial testimony in this matter.

DATED this 14th day of February, 2023.

_____
Dana L. Christensen, District Judge
United States District Court