IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THE CENTER FOR ASBESTOS RELATED DISEASE, <br><br> Defendant. | CV 19–40–M–DLC <br><br><br><br> ORDER |

The jury returned a verdict in this matter on June 28, 2023, finding that CARD had committed 337 violations of the False Claims Act and awarding $1,081,265.00 in damages.  (Doc. 216.)  On June 29, the Court was contacted via email by counsel for BNSF regarding whether there are any prohibitions on contacting jurors post trial.  The Court responded to BNSF's inquiry and included counsel for CARD in its response.  The Court informed both parties that at the end of the trial the Court had advised the jurors that they had no obligation to discuss the case with any attorney that may contact them, and if they declined, and an attorney (or a person acting on his behalf) persisted, they should contact me directly.  The Court also explained that jurors are prohibited from discussing any of the matters identified in Rule 606(b) of the Federal Rules of Evidence.

1

On July 5, it came to the Court's attention that counsel for CARD had sent letters to jurors on or about June 30 asking, "how you and your fellow jurors arrived at the number of violations and how you calculated damages." (*See* attached redacted letter.) The letter also informs the jurors that the next step in this matter is to determine statutory penalties to be assessed against CARD—information which had not been shared with the jurors during trial to avoid any undue influence that the threat of penalties may have had on their verdict.

Rule 606(b) prohibits juror testimony "[d]uring an inquiry into the validity of a verdict" regarding "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." FED. R. EVID. 606(b). This rule reflects a desire to protect jury deliberations from intrusive inquiry and promote the finality of judgments. *See Tanner v. United States*, 483 U.S. 107, 119 (1987) (explaining the policy rationale behind Rule 606(b)). The Court warned counsel for both parties that questioning of jurors on matters that fell within Rule 606(b) was prohibited.

Accordingly, IT IS ORDERED that there shall be no further contact of jurors from counsel for either party.

IT IS FURTHER ORDERED that jurors will be contacted by the Court and informed that they are not to respond to the letter from CARD dated on or about

June 30, 2023, inquiring into the jury's deliberations.

DATED this 6th day of June, 2023.

Dana L. Christensen, District Judge
United States District Court