Chad M. Knight
James E. Roberts
W. Adam Duerk
Seamus Molloy
KNIGHT NICASTRO MACKAY, LLC
283 W. Front Street, Suite 203
Missoula, Montana 59802
Telephone:  (406) 206-7052
Facsimile: (816) 396-6233
knight@knightnicastro.com
roberts@knightnicastro.com
duerk@knightnicastro.com
molloy@knightnicastro.com
      *Attorneys for BNSF Railway Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC.,<br><br>Defendant. | Civil Action No.: CV-19-40-M-DLC<br><br>**RELATOR'S CORRECTED BRIEF IN SUPPORT OF MOTION FOR FEES AND COSTS** |

Relator, BNSF Railway Company ("BNSF"), by and through its attorneys of record, Knight Nicastro MacKay, LLC, respectfully submits this corrected brief in support of Relator's Motion for Fees and Costs.

1

I.      **Introduction**

A unanimous jury found that the Center for Asbestos Related Disease (CARD) committed a total of 337 violations of the False Claims Act and was liable for $1,081,265.00 in actual damages to the United States. (Doc. 216). Following the verdict, the Court ordered the parties to submit supplemental briefing on the issue of total damages and penalties to be awarded under the FCA. (Doc. 214). Relator included attorney fees as an element of damages for the Court to consider in its brief. (Doc. 224).

The Court entered its amended judgment on July 18, 2023. (Doc. 233). The Court applied the trebling provision in the FCA to the actual damages awarded by the jury, concluding that that portion of the damages award would total $3,243,795.00. (Doc. 233, pg. 11). Furthermore, the Court calculated the statutory damages in this matter at $2,582,228.00. (*Id.* at 11). The Court also ordered that BNSF is entitled to 25% of the total proceeds of $5,826,023.00. *Id.*

In its amended judgment, the Court ordered that BNSF's request for attorney's fees and costs would be resolved by separate order once fully briefed by the parties. (Doc. 233). This attorney fee motion is timely filed within 14 days of the amended judgment in accordance with Fed. R. Civ. P. 54(d)(2)(B)(i). As discussed below, Relator's request for attorney's fees under the False Claims Act (FCA) is reasonable

because Relator is a prevailing party and an award of fees here is appropriate. 31 U.S.C. § 3730(d)(2).

According to the False Claims Act, a Court must award attorney fees to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate. 31 U.S.C. § 3730(d)(2).

## II. Argument

### A. Attorney's fees must be awarded under the FCA because BNSF is a prevailing party.

"Plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Furthermore, a party is a prevailing party "if it has obtained a court-ordered change in the legal relationship between [the plaintiff] and the defendant." *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009) (quotations omitted).

Here, this Court entered the amended judgment in Relator's favor, after the jury found that the Center for Asbestos Related Disease was in violation of the False Claims Act. (Doc. 216). While the jury did not find CARD liable for all damages claimed, a finding of 337 individual violations of the FCA and a total amended damages award of $5,826,023.00 ordered by the Court was substantial and represented success on significant issues in the litigation.

Under Supreme Court precedent, BNSF is "indisputably a prevailing party because [it] has secured an enforceable judgment[ ] on the merits." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (quotations omitted). Furthermore, the Ninth Circuit holds that if a plaintiff receives relief that serves the "goals of the claim," even if the relief is different than the precise relief requested, the plaintiff is a prevailing party:

> To achieve such relief, a plaintiff must receive some actual relief that serves the goals of the claim in his or her complaint. As explained below, the relief achieved need not be of precisely the same character as the relief sought in the complaint, but it must require defendants to do something they otherwise would not have been required to do.
>
> The threshold for sufficient relief to confer prevailing party status is not high.

*Saint John's*, 574 F.3d at 1059.

The jury's verdict – as well as this Court's ruling related to the amended judgment awarding damages of $5,826,023.00 -  constitute significant actual relief in this case.  Therefore, BNSF is a prevailing party.

### B. Relator's Attorney Fee rates are reasonable.

Provisions for attorney fees and costs are set forth under the False Claims Act at 31 U.S.C. 3730(d)(2), which states that a *Qui Tam* Relator who prevails in prosecuting a case is entitled to attorney fees and costs.  Attorney fees for a prevailing party are mandatory under the False Claims Act. *Shaw v. AAA Eng'g & Drafting, Inc.,* 213 F.3d 538, 544 (10th Cir. 2000) ("The only significant difference between the FCA

and the attorney fee provisions in other statutes is that the FCA provisions are mandatory on their face.").

Courts apply the lodestar method to attorney's fees requests under the False Claims Act. *See e.g. United States ex rel. Chiba v. Guntersville Breathables Inc.,* 421 F. Supp. 3d 1241, 1261 (N.D. Ala. 2019). "Generally, determining reasonable attorney fees requires calculation of a 'lodestar figure,' which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The "lodestar method" yields a fee that is presumptively sufficient to achieve the objective of inducing capable attorneys to undertake representation of FCA relators. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) (citations omitted). The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee. *Id.* at 553. Thus, "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

In a case where the Relator prevails on many, but not all of its claims, the Courts have provided guidance regarding the calculation of an award of attorney fees:

> Pursuant to *Hensley*, where the prevailing party's 'claims for relief . . . involve a common core of facts *or* [are] based on related legal theories,' such that 'counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis[,] . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'

*U.S. ex rel. Chiba*, 421 F. Supp. 3d at 1264 (quoting *Hensley*, 461 U.S. at 435 (emphasis added)); *see also Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987) ("If the claims on which the plaintiff did not prevail and the claims on which he did prevail were 'distinctly different claims . . . based on different facts and legal theories,' the court cannot award any fee for services on the unsuccessful claims. . . . However, if the unsuccessful and the successful claims 'involve a common core of facts' *or* are 'based on related legal theories,' the court must compare the plaintiff's overall relief with the number of hours reasonably expended on the litigation.").

The case against the Center for Asbestos Related Disease was a success by any measure. The jury verdict of 337 individual counts of fraud and jury award over $1M in taxpayer funds improperly paid out based on CARD's false statements was a definitive win. Regardless of the total number of false claim counts on which

relator prevailed, this case involved a common core of facts and legal theories, and resulted in a significant award of damages due to CARD's fraudulent conduct. *See Order,* Doc. 233. Furthermore, as noted by the Court, it is difficult – if not impossible – to determine which of the 337 FCA violations served as the basis for the jury's verdict. Doc. 233 at 10. The only certainty here is that, based on a common core of facts, the jury found that the Center for Asbestos Related Disease knowingly made false statements to the United States in support of hundreds of fraudulent claims. Doc. 216.

In such cases, rather than parsing claims or legal theories, or dividing hours on a claim-by-claim basis, the calculation of attorney fees is relatively simple. *U.S. ex rel. Chiba,* at 1264. In fact, the United States Supreme Court frowns on a "strictly mathematical approach" calculating attorney fees based on a ration of the total successful claims litigated. *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 846 F.3d 1159, 1164 (11th Cir. 2017).

To determine reasonable rates, "[t]he court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation; it may not refer to the rates actually charged to the prevailing party. . . . Rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge

their paying clients for legal work of similar complexity." *Natural Resources Defense Council v. Babbitt*, 1994 WL 361811 *7-8 (N.D. Cal. 1994).

Here, the reasonable rate is established by the rate charged by CARD's own counsel in recent attorney fee award arguments made before this Court. In three recent cases, this Court determined reasonable fee rates for CARD's attorney in three separate fee orders. The Court recognized a 2018 hourly rate of $340 as fair and consistent for CARD's lawyer in *Native Ecosystems Council v. Krueger*, 2019 WL 1489839, at *5 (D. Mont. 2019). Several months later, this Court issued a fee order in *Alliance for the Wild Rockies v. Savage*, 2019 WL 3293425, at *6–7 (D. Mont. 2019). The reasonable fee awarded in that case was $350 per hour. Finally, in a case from 2023, this Court considered whether an hourly fee of $460 was reasonable in a fee dispute case for CARD's counsel. Pl.'s Br. Supp. Mot. Fees & Costs, *FSEE v. USFS*, No. CV-22-168-M-DLC (Doc. 47 at 8-9; Doc. 47-1 at 4).

In the instant fee motion, BNSF requests an attorney fee award that is consistent with the fees claimed by CARD's counsel. In fact, the attorney fee rates charged by BNSF are significantly less than what CARD's counsel would have charged, as set forth below.

### C.   BNSF's attorney fees requested hours are reasonable.

The Supreme Court holds: "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action. . . . fee-shifting statutes—favor[] treating a case as an inclusive whole, rather than as atomized line-items." *INS v. Jean*, 496 U.S. 154, 161-62 (1990).

The hours expended on this case were not incurred on unreasonably dilatory conduct, but instead on reasonable and necessary tasks. Decl. W. Adam Duerk ¶¶ 10-15, Aug. 1, 2023 ("Decl. Duerk"). Regarding the number of hours reasonably expended, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel's "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required." *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988).

As the D.C. Circuit has explained, "[t]he key question is whether the work was reasonably done in pursuit of the ultimate result. In other words, would a private attorney being paid by a client reasonably have engaged in similar time expenditures?" *Goos v. National Ass'n of Realtors*, 68 F.3d 1380, 1385-86 (D.C. Cir. 1995); *see also Woods v. Graphics Communications*, 925 F.2d 1195, 1207 (9th Cir. 1991). The Ninth

Circuit Appellate Commissioner recently held: "the standard is whether *a reasonable attorney would have believed the work* to be reasonably expended in pursuit of success at the point in time when the work was performed." *Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, at *8 (9th Cir. May 12, 2929) (citation omitted) (emphasis added). In other words, how would a reasonable attorney act during litigation? If counsel reasonably undertook a task during litigation, the time expended on that task is compensable, even if "the 20/20 vision of hindsight" now shows that counsel was ultimately unsuccessful. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Greenpeace*, 2020 WL 2465321, at *8.

Accordingly, this Court holds that "[a]ttorneys are not required to bill on a claim-by-claim basis, nor is the Court required to parse through Plaintiffs' billing statements in an effort to determine how much time was spent on each claim." *Id.* Courts need not and should not be asked to engage in an "hour by hour analysis of the fee request." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In order to determine whether the number of hours expended is reasonable, plaintiff's counsel "should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. In identifying the subject matter, counsel "is not required to record in great detail how each minute of his time was expended." *Id*. Rather, the test is whether the hours were "reasonable." *City of Riverside v. Rivera*, 477 U.S. at 570 n.4. To deny compensation, "it must appear that the time claimed is obviously and

convincingly excessive under the circumstances." *Id*. "Normally [an award of attorneys fees] will encompass all hours reasonably expended on the litigation . . . ." *Hensley,* 461 U.S. at 435. The award of fees includes time spent by prevailing parties on their fee petitions. *Love*, 924 F.2d at 1497.

In successfully prosecuting this case, BNSF counsel expended reasonable hours engaged in normal and justified tasks associated with careful, conscientious prosecution of a lawsuit against a Defendant that vigorously defended its actions. In compiling these totals, counsel for BNSF carefully reviewed time entries to ensure that no hours were excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 433-34; Duerk Dec. ¶¶ 15-18, Ex. 1: Summary of Fees.

### D. Other costs should be awarded.

BNSF seeks other costs in this action in the amount of $322,657.20. These costs include expert witness fees, deposition costs, travel and expenses related to witness appearance at trial. *See* Duerk Decl. ¶ 19, Ex. 2: Summary of Costs.

## III. Conclusion

BNSF filed this lawsuit on behalf of the United States to put an end to CARD's fraudulent Medicare claims practices and recover funds paid by the government for Medicare benefits for patients who are not sick. Not only did BNSF obtain a substantial verdict from the jury, BNSF's efforts resulted in an amended

judgment from this Court for $5,826,023.00 – an amount more than five times the jury's verdict of $1,081,265.00.

While the jury chose to limit its verdict to 337 individual counts of fraud, this verdict was still significant. As explained above, BNSF's attorney fee rates and hours are reasonable, and an award of fees is proper here.

BNSF seeks a total of $1,468,372.50 in fees, including paralegal fees, and $322,657.20 in costs, for a total of $1,791,029.70 in fees and costs.

DATED this 3rd day of August, 2023.

                KNIGHT NICASTRO MACKAY, LLC


By: */s/ W. Adam Duerk*
       W. Adam Duerk
       *Attorneys for BNSF Railway Company*

## CERTIFICATE OF COMPLIANCE

Pursuant to the United States District Court for the District of Montana Local Rule of Procedure 7.1(d)(2)(E), I certify this pleading contains less than 6,500 words, as calculated by Microsoft Word, excluding the caption, certificate of service, and certificate of compliance.

                KNIGHT NICASTRO MACKAY, LLC

                By: */s/ W. Adam Duerk*
                      W. Adam Duerk
                      *Attorneys for BNSF Railway Company*

## **CERTIFICATE OF SERVICE**

I certify on this 3rd day of August, 2023, a copy of the foregoing document was served upon the following persons by the following means:

| | |
|---|---|
| __1-3__ | CM/ECF |
| _____ | Mail |
| _____ | Hand Delivery |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk, U.S. District Court

2. Michael Kakuk
   Assistant U.S. Attorney
   U.S. Attorney's Office
   901 Front Street, Suite 1100
   Helena, MT 59626
   michael.kakuk@usdoj.gov

3. Timothy Bechtold
   Bechtold Law Firm, PLLC
   PO Box 7051
   Missoula, MT 59807
   Facsimile: 406-830-3085
   tim@bechtoldlaw.net


KNIGHT NICASTRO MACKAY, LLC


By: __/s/ W. Adam Duerk__
　　　W. Adam Duerk
　　　*Attorneys for BNSF Railway Company*