IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC.,<br><br>　　　　Defendant. | CV 19–40–M–DLC<br><br><br><br>ORDER |

　　　　Before the Court is Relator BNSF's Motion for Fees and Costs.  (Doc. 239.) BNSF seeks $1,468,371.50 in attorneys' fees and $322,657.20 in costs after having successfully litigated a False Claims Act ("FCA") *qui tam* action against Defendant Center for Asbestos Related Disease, Inc. ("CARD").  (Doc. 243 at 11, 12.)  CARD opposes the motion, (Doc. 248), and has also filed a Notice of Bankruptcy Filing, (Doc. 244).  The Court concludes that this matter is stayed in accordance with 11 U.S.C. § 362 until the bankruptcy proceedings in question are terminated or the stay is lifted.

　　　　On June 28, 2023, a jury found CARD liable for 337 violations of the FCA, totaling $1,081,265.00 in actual damages to the United States.  (Doc. 216.)  The

1

Court entered an amended judgment on July 18, 2023, finding CARD liable for $5,826,023.00 in total damages after applying the FCA's treble damages and statutory penalties provisions. (Doc. 233 at 1.) The Court also awarded BNSF 25% of the total damages award as relator. (*Id.*) On July 20, 2023, CARD filed a notice of appeal. (Doc. 234.) BNSF filed its Motion for Fees and Costs on August 1, 2023. (Doc. 239). On August 8, CARD filed its Notice of Bankruptcy Filing in which it notified the court that the proceedings in this matter are subject to an automatic stay. (Doc. 244 at 2.)

A bankruptcy petition "operates as a stay . . . of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case," with limited exceptions. 11 U.S.C. § 362(a)(6), (b). Under the Bankruptcy Code, a "claim" is any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 101(5)(A). It is within a district court's discretion to determine whether an 11 U.S.C. § 362(a) automatic stay applies in any given case. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106–07 (9th Cir. 2005) (collecting cases).

BNSF's motion for attorneys' fees and costs constitutes a claim against CARD and BNSF's motion was filed before the bankruptcy petition; therefore, the motion for fees and costs is subject to 11 U.S.C. § 362(a)'s automatic stay.

Accordingly, IT IS ORDERED that the motion (Doc. 239) and all proceedings in the above captioned matter are STAYED, pending future Order.

IT IS FURTHER ORDERED the parties shall keep the Court apprised of developments in the bankruptcy proceedings by providing the Court with a joint status report every six months until resolution of the bankruptcy proceedings.

DATED this 23rd day of October, 2023.

_____
Dana L. Christensen, District Judge
United States District Court